# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PAYO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-1912 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| PENNSYLVANIA DEPARTMENT ) | |
| OF PROBATION AND PAROLE, *et al.* ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

For the reasons that follow, this case will be dismissed for failure to prosecute and failure to comply with the Court's January 18, 2017 Order Governing Rule 12(b) Motions and its February 1, 2017 Show Cause Order.

Plaintiff filed his Complaint on or about January 19, 2016 in the Court of Common Pleas of Allegheny County at GD-16-21328. According to the Notice of Removal, although Plaintiff never officially served the Complaint, Defendants received notice of the Complaint on or about December 2, 2016. (Doc. 1). On December 28, 2016, Defendants filed a Notice of Removal in this Court. (Id.).

On January 18, 2017, the Court issued an Order requiring the parties to confer prior to filing any Rule 12(b) motion. (Doc. 3). On January 31, 2017, Defendants filed a Motion to Stay Proceedings. (Doc. 4). In that Motion, defense counsel stated that she attempted to comply with the Court's January 18, 2017 Order by sending Plaintiff correspondence but that the correspondence was returned to her with the message "return to sender." (Id.). Defense counsel further stated that, on January 23, 2017, she learned from the Pennsylvania Board of Probation

and Parole that Plaintiff has absconded from his placement in Gateway Braddock in violation of the terms of his parole.  (Id.).  Defense counsel stated that "[a]s of today, January 31, 2017, per Agent Buccini of the Pennsylvania Board of Probation and Parole, Plaintiff is still an absconder and his whereabouts are unknown."  (Id.).

On February 1, 2017, the Court issued a Show Cause Order, ordering Plaintiff to show cause as to why this case should not be dismissed for failure to prosecute, failure to comply with the Court's January 18, 2017 Order and failure to provide any forwarding address to the Court.  (Doc. 6).  The Court set a deadline to respond to the Show Cause Order of February 15, 2017.  (Id.).  That same day, the Court sent a copy of the Show Cause Order to Plaintiff's address of record via First Class U.S. Mail.  That correspondence did not return to the Court as undeliverable.  Thus, the Court presumes that the correspondence reached Plaintiff at his address of record.  Although the Court set a response deadline of February 15, 2017, as of today, Plaintiff has not filed any response to the Show Cause Order.

By now, it has become evident that Plaintiff is either unwilling or incapable of complying with this Court's Orders.  Noncompliance with court orders is grounds for dismissal under Poulis, and, in determining whether to dismiss, the Court considers:   (1) the extent of Plaintiff's personal responsibility; (2) prejudice caused by the failure to comply; (3) Plaintiff's history of dilatoriness; (4) whether Plaintiff's conduct was willful or in bad faith, as opposed to excusable neglect; (5) the effectiveness of alternate sanctions; and (6) the meritoriousness of Plaintiff's claims.  See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  An analysis of these factors favor dismissal.

Factor (1) favors dismissal because, given Plaintiff's *pro se* status, he alone is responsible for failing to comply with the Court's Show Cause Order.  See N'Jai v. Floyd, 2009 WL 1531594, *14 (W.D. Pa. May 29, 2009) (holding same).

Factors (2), (3), and (4) also favor dismissal.  Plaintiff's failure to respond to opposing counsel's efforts to communicate with him, paired with his failure to comply with this Court's Orders, have hindered his adversaries' ability to meaningfully defend their case.  Additionally, there is no indication here of "excusable neglect."

As to factor (5), the Court cannot imagine that lesser sanctions could be effective. Plaintiff has been advised of his noncompliance with a clear and specific Court Order, to which he failed to respond.

The final factor, the meritoriousness of Plaintiff's claims, also weighs against him.  In his Complaint, Plaintiff claims that the Defendant Parole Officers recommended that his parole be revoked after he violated the conditions of his placement at a halfway house, Renewal Inc., thereby removing him from the care of his physicians following a back surgery and causing Plaintiff "medically unjustified suffering." (Doc. 1-1 at ¶¶ 1-18).  Plaintiff claims that this revocation of his parole violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.  However, Defendants are entitled to absolute immunity for their decision to revoke Plaintiff's parole.  See Breslin v. Brainard, No. CIV.A. 01–CA–7269, 2002 WL 31513425, at *7 n. 10 (E.D.Pa. Nov.1, 2002) ("[T]he Third Circuit holds that a parole board member or parole or probation officer is entitled to absolute immunity when he engages in certain adjudicatory acts such as [those where he]: (1) hears evidence; (2) makes recommendations as to whether to parole a prisoner; or (3) *makes decisions as to whether to*

*grant, revoke, or deny parole*.") (citing Wilson v. Rackmill, 878 F.2d 772, 776 (3d Cir.1989)) (emphasis added). Accordingly, Plaintiff's claims lack merit.

For all of the reasons stated above, this action will be **DISMISSED** with prejudice.

IT IS SO ORDERED.


February 24, 2017                                          s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States Magistrate Judge


cc (via First Class U.S. Mail):

DAVID PAYO
Gateway Braddock
426 George St.
Pittsburgh, PA 15233

cc (via ECF email notification):

All Counsel of Record